Eastern District of Kentucky
FILED
DEC 2 1 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-104-DLB

ROY ANDREW MCDANEL PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, Warden, et al. DEFENDANTS

**** **** ****

This matter is before the Court on the parties' several motions [Record Nos. 14, 19-20, 23-24].

BACKGROUND

On October 24, 2007, Roy Andrew McDanel, an individual serving a state sentence in the Eastern Kentucky Correctional Complex ("EKCC"), initiated the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, complaining of the cold and uncomfortable conditions of his confinement in EKCC, describing his suicide attempts there, and seeking several forms of injunctive relief, including a transfer to another facility with better mental health treatment. He also requested preliminary injunctive relief based on his suicidal tendencies.

Upon screening the complaint and granting the Plaintiff permission to proceed *in forma pauperis*, this Court issued a Memorandum Opinion and Order describing the alleged conditions at EKCC and setting out McDanel's claims in detail. Record No. 8. The Court dismissed several of the named Defendants but ordered that summons issue to the remainder. In addition to filing a response to Complaint in due course, as provided in the Federal Rules of Civil Procedure, the Court directed the Defendants to respond to McDanel's request for preliminary injunctive relief within 7

days.

Before the response time had run, on November 1, 2007, the Clerk of the Court received a letter from the Plaintiff and filed it in the record [Record No. 10]. In the letter, the Plaintiff has written, "I do not wish to file this action and wish for it to be returned as soon as possible."

On November 7, 2007, the Defendants submitted a timely Response to the Plaintiff's request for preliminary injunctive relief [Record No. 13]. With a supporting memorandum from a Licensed Psychological Associate at EKCC, who is described as "Plaintiff's medical provider," the Defendants contend that the matter of McDanel's safety from himself has been resolved and the immediate injunctive relief sought herein has become moot. "Plaintiff is in a safe environment, has relinquished his suicidal ideation, and is being providing [sic] medical care appropriate to his conditions," including monthly psychiatrist visits, several interim appointments with other mental health professionals, and medications.

By Order of November 13, 2007, the Court denied Plaintiff's request for preliminary injunctive relief and put the Plaintiff on notice that it was considering granting the Defendants' accompanying Motion to Dismiss.

DEFENDANTS' MOTION TO DISMISS

Together with the above-described Response to the Plaintiff's request for preliminary relief, the Defendants also filed a Motion to Dismiss in Lieu of Filing an Answer [Record No. 14]. Therein they characterize the Plaintiff's letter asking for the withdrawal of this action as effectively having already withdrawn his case voluntarily. They seek an Order of Dismissal based upon the Plaintiff's desire as stated in the letter or based upon mootness, as he is no longer a danger to himself.

Plaintiff, however, has filed a Response and Memorandum [Record No. 18] praying that the

Plaintiff, however, has filed a Response and Memorandum [Record No. 18] praying that the Court permit the action to continue. If the warden "would transfer plaintiff to a place where he could get help and dismiss the disciplinary reports then [he] would stop pursuing the case. The plaintiff only seeks help." Record No. 18. McDanel denies that he has gotten help, claims that he still has suicidal thoughts and has had two additional suicide attempts, and challenges the contents of the psychologist's the letter about his care, on the ground that the psychologist has a conflict of interest, as he is married to the woman who sees Plaintiff for his mental problems. Further, McDanel alleges that he is not on any anti-depressants, takes medication only for the voices in his head and it doesn't work, and now has run out of heart medications.

In addition to requesting that the Court permit the instant cause of action continue, Plaintiff asks that the Court also order (1) a 30-day psychological evaluation of him at the Kentucky Criminal Psychiatric Complex; (2) an emergency transfer to that facility; and (3) the Defendants' disclosure of certain information and evidence. He attaches a 3-page handwritten list of materials he wishes supplied to him for evidence in disciplinary actions and another, lengthier list of polygraph questions he wants answered by each Defendant. Finally, his request for relief concludes with a request for an "emergency transfer to KCPC," the Kentucky Criminal Psychiatric Center.

Defendants have filed a Reply [Record No. 21], addressing the Plaintiff's Eighth Amendment claim about his health care on the merits. They argue that the Plaintiff has presented nothing more than a medical disagreement with the treatment decisions of medical professionals and dissatisfaction with prison life, neither of which state a cognizable Eighth Amendment claim under abundant case law, including *Estelle v. Gamble*, 429 U.S. 97 (1976), to which they cite.

The *pro se* Plaintiff has submitted a "Rebuttal to the Defendants' Reply" [Record No. 26],

wherein he accuses the Defendants of presenting evidence which is incomplete and deceptive. This time he states that he does not even see the mental health professional whom Defendants claimed he saw, his anti-depressants have been stopped, he has not received his heart medication for a month, and he has still not obtained medical attention for the toes which were allegedly hurt by the cold in his cell.

McDanel goes so far as to claim that this is the third lawsuit that he has filed, in which the retaliatory Defendants have "manipulated policy" and managed to obtain a dismissal. He also blames this Court for misinterpreting his pleadings and overlooking law which permits the courts to address matters so long as the plaintiff is in the process of exhausting the administrative remedies. As with his earlier pleadings, Plaintiff closes with additions to his requests for injunctive relief, there now being eleven (11) of them, some being repeats of earlier requests, *e.g.*, for his case to proceed; and some adding to his requested relief, *e.g.*, for help with legal research.

Disposition

It is now obvious that the Plaintiff's initial effort to withdraw this case has been abandoned and cannot serve as a basis for dismissal. Moreover, in insisting that it proceed, McDanel has denied that he has received the care and safe surroundings which the Defendants described and which would have mooted the mental health treatment issue. Therefore, Defendants' Motion to Dismiss, based on the Plaintiff's letter or mootness, will be denied.

PLAINTIFF'S TWO MOTIONS

Plaintiff's Response to the Defendants' original Motion to Dismiss was accompanied by two Motions, for Leave to Add Complaints [Record No. 19] and to Amend Relief [Record No. 20].

In the first of these motions, Plaintiff updates his allegations with a claim that he was recently

barred from work, merely because a Supervisor, Lt. Green, has a "problem" with him, and he alleges that he has made another suicide attempt. McDanel also repeats his claim that he is not receiving appropriate treatment for his physical or mental conditions. Finally he predicts that he will not be justly treated by staff at EKCC and needs to go to a mental health facility, because "Plaintiff has a conflict of interest to be seen by any medical or mental health Staff at E.K.C.C."

In the latter Motion to Amend Relief, McDanel explains that he has been told that the KCPC, where he had desired to go, is for evaluating only those waiting to stand trial. Since Plaintiff has already been convicted and needs a theraputic [sic] environment, he alleges, "this leaves KSR [Kentucky State Reformatory] that has a CTPU program that complies with his needs." He prays that he not remain at EKCC, where he does not trust psychiatric services and staff will continue to harass him.

The Defendants have filed a Response [Record No. 22] in opposition to the Plaintiff's Motions to Amend. They claim that the instant case is like his previous two lawsuits which this Court dismissed for lack of merit, and characterize the instant issue of the adequacy of McDanel's mental health treatment is "nothing more than a waste of the Court's and the Defendants' time." The Defendants not only urge denial of the Motion to Amend, but also ask that Plaintiff's future claims be subject to screening.

Disposition

The Court is not unsympathetic to the Defendants' position. However, in consideration of the Plaintiff's current position, proceeding *pro se* from within a prison which he hates, and mindful of the Federal Rules of Civil Procedure that amendment be freely given, the Court will permit the amendments proposed in both of the Plaintiff's motions.

PLAINTIFF'S AMENDMENT

Meanwhile, the Defendants' first Motion to Dismiss had evidently crossed in the mail with Plaintiff's Amended Complaint [Record No. 15]. It was in this amended pleading that Plaintiff first complained of the dismissal of his previous two lawsuits, blaming concealment of facts by EKCC staff and this Court's purportedly overlooking law on completing the exhaustion requirement during the pendency of the lawsuit. McDanel also claims that the Court was wrong in its dismissal of certain Defendants, and he details how each one was, indeed, involved in a complained-of event.

Plaintiff states that he has already told this Court that he "had conflict at L.L.C.C. and E.K.C.C., but he continues to be transferred between the two." He claims to have conflicts with certain inmates also. Further, as to the original complaint of lack of treatment for his mental health problems at EKCC, McDanel this time writes as follows:

> Plaintiff sees one of 2 psychologist as needed or by appointment they also see over 1800 people if needed. Plaintiff dose [sic] not respond to the counseling sessions as need basis. Plaintiff needs a Group Therapy and 30-day mental health evaluation not offered at E.K.C.C.
>
> . . .
>
> Plaintiff will only harm himself haveing [sic] to endure the treatment at E.K.C.C. without proper help from a program or facility that handles mental ill patients. . . .

Record No. 15.

Plaintiff's main focus in the Amended Complaint and the many attachments thereto concern grievances which he had initiated regarding events described in his original Complaint. Many of these contain no response. Several were rejected because they complained of disciplinary actions against him, for which there is a separate appeal process. Other attachments include Plaintiff's letters about certain events and the first page of Disciplinary Report Forms showing charges brought

against the Plaintiff.

DEFENDANTS' FINAL TWO MOTIONS

In response to an Order of the Court directing the Defendants to file a Response to the Plaintiff's Amended Complaint, they submitted two motions, a Motion to Dismiss in Lieu of Filing Answer to Amended Complaint and a Motion for a Protective Order [Record Nos. 23-24].

In their Motion for a Protective Order, the Defendants complain that in the attachments to his Response to their original Motion to Dismiss, Plaintiff has already tendered written discovery requests. They argue that they should not be required to continue to discovery when they currently have two Motions to Dismiss pending and under the law of qualified immunity, they should be protected from the burdens of suit, not just liability. Therefore, the Defendants request an order staying all discovery until their dispositive motions are resolved.

In his Rebuttal covering several topics [Record No. 26], Plaintiff argues that the Court should not grant the Defendants' Motion for a Protective Order, so that he can prove that their actions were unconstitutional "without doubt."

Disposition

Since the filing of this action, Plaintiff has filed an amended complaint and unauthorized pleadings, most recently a Supplement and Rebuttal. In both the permissible and unauthorized pleadings, he has introduced new claims, *e.g.* disciplinary due process claims; has prepared and attached discovery; and he has even attached would-be evidence to his pleadings.

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where petitioner failed to respond to defendants' Rule 12(c) motion when ordered to do so by magistrate judge); *see*

*also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

This flood of pleadings has impacted the Court as well as the Defendants. So that the Court may give consideration to the Defendants' remaining dispositive motion, without being interrupted by Plaintiff's filing of more unauthorized pleadings, the Court will grant the Defendants' Motion for a Protective Order to the extent set out below.

CONCLUSION

For the foregoing reasons and the Court being advised, **IT IS ORDERED** as follows:

(1) Defendants' original Motion to Dismiss [Record No. 14] is **DENIED,** without prejudice.

(2) Plaintiff's Motions for Leave to Amend [Record Nos. 19-20] are **GRANTED.**

(3) Defendants' Motion For a Protective Order [Record No. 24] is **GRANTED** to the following extent: (a) Defendants are under no obligation to respond to any discovery requests until 30 days after their second Motion to Dismiss is decided by the Court; and (b) Plaintiff shall file no more pleadings in this case until the Defendants' second Motion to Dismiss is decided by the Court, *unless* he shall first file a motion for permission to file a pleading, he shall have tendered the proposed pleading with the motion, and the Court shall have grant the motion.

(4) Defendants' second Motion to Dismiss [Record No. 23] now stands submitted for a decision by the Court.

This 21st day of December, 2007.

