Eastern District of Kentucky
FILED

MAR - 6 2008

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-104-DLB

ROY ANDREW MCDANEL                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, Warden, et al.                                 DEFENDANTS

**** **** ****

This matter is before the Court on the Defendants' second Motion to Dismiss [Record No. 23].

## BACKGROUND

On October 24, 2007, Roy Andrew McDanel, an individual serving a state sentence in the Eastern Kentucky Correctional Complex ("EKCC"), in West Liberty, Kentucky, initiated the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, complaining of the conditions of his confinement in EKCC, describing his suicide attempts there, and seeking several forms of injunctive relief, including a transfer to another state prison where he believes that he would receive better mental health treatment.

Upon screening the complaint and granting the Plaintiff permission to proceed *in forma pauperis*, this Court issued a Memorandum Opinion and Order describing the alleged conditions at EKCC, setting out McDanel's claims, and directing that summons issue to EKCC's Warden Motley and Correctional Officers Barbara Green and Buford Litteral; and the Commissioner of Kentucky's Department of Corrections.

Before the time had run for the Defendants to make any Response, the Clerk of the Court received a letter from the Plaintiff, stating "I do not wish to file this action and wish for it to be returned as soon as possible." Based on this request, the Defendants submitted a Motion to Dismiss, with a supporting memorandum from a Licensed Psychological Associate at EKCC, described as "Plaintiff's medical provider," who supported the Defendants' description of Plaintiff's current position: "Plaintiff is in a safe environment, has relinquished his suicidal ideation, and is being providing [sic] medical care appropriate to his conditions," including monthly psychiatrist visits, several interim appointments with other mental health professionals, and medications. Therefore, they sought an Order of Dismissal based upon the Plaintiff's desire as stated in the letter or based upon mootness, as he was no longer a danger to himself

Plaintiff, however, opposed the Defendants' Motion, claiming that he still had suicidal thoughts and had undertaken two more unsuccessful suicide attempts recently. Further, he challenged the contents of the psychologist's letter about his care, on the ground that the psychologist has a conflict of interest. Additionally, Plaintiff alleged that he is not on any anti-depressants, takes medication only for the voices in his head and it doesn't work, and now has run out of heart medications.

Since McDanel's change of attitude, back to pursuing injunctive relief, the Court has denied the Defendants' Motion to Dismiss and denied the Plaintiff's Motion for Preliminary Injunctive Relief. Both parties have been successful in other motions, however. Plaintiff was granted permission to amend his original Complaint to add information in Record Nos. 19-20; and the

Defendants' Motion for a Protective Order was granted [Record No. 30], to some extent,[1] so as to provide a respite for the Court to consider and decide the Defendants' second Motion to Dismiss.

Accordingly, the Court turns to the Defendant's second Motion to Dismiss, for a decision on the merits.

## DEFENDANT'S DISPOSITIVE MOTION

In responding to the Order of the Court directing the Defendants to file a Response to the Plaintiff's Amended Complaint, the Defendants submitted, *inter alia*, a second Motion to Dismiss in Lieu of Filing an Answer to the Amended Complaint. [Record No. 23] The Defendants ground their current Motion in the Plaintiff's non-compliance with Federal Rule of Civil Procedure 8(e) and his allegations being "largely unintelligible," rather than simple, concise and direct.

They also urge dismissal on the ground that, as with the original complaint, in the Amended Complaint, McDanel still does not state a cognizable Eighth Amendment claim of cruel and unusual punishment. Rather, they maintain as they have before, that his complaints are again "simply medical disagreements." The Defendants also repeat and adopt other arguments which they have already made in the instant record, at Docket Entries 13, 21, 22.

### Plaintiff's Responses

One day after the filing of the Defendants' Motion, the Clerk of the Court received another pleading from the Plaintiff, this one titled "Supplemental Statement for Disciplinary Reports, Denied [sic] Appeals" [Record No. 25]. While McDanel's Amended Complaint focused on and bore

---

[1] Plaintiff was restricted to submitting additional pleadings only upon presenting a Motion for permission to do so and attaching to the Motion, the filing he wishes to make.

attachments going to several EKCC grievances which he had initiated and incident reports charging him with disciplinary offenses, this pleading focuses on the disciplinary proceedings themselves and the results thereof.

Plaintiff claims herein that the results in the disciplinary proceedings were false "and with many due process violation [sic]," for which he seeks to reverse the convictions. The attachments are copies of documents from those proceedings. The six (6) attached Disciplinary Report Forms show that all six concerned events which occurred from October 6th until October 9th of 2007, and culminated in Plaintiff's being placed in restraints. Thereafter, the disciplinary proceedings all ended with his conviction, all resulted in disciplinary segregation being imposed as a penalty, and all were affirmed on the Plaintiff's appeal to the warden. Plaintiff closes this pleading with the accusation that at EKCC, there is "much illegal activity that is kept from public eye," and he wants this case "to open the Court's to the problems that lead to his let down over and over . . . ."

A few days later, the *pro se* Plaintiff submitted a self-styled "Rebuttal to the Defendants' Reply" [Record No. 26], wherein he accuses the Defendants of presenting evidence which is incomplete and deceptive. This time McDanel states that he does not even see the mental health professional whom he had criticized before, his anti-depressants have been stopped, he has not received his heart medication for a month, and he has still not obtained medical attention for the toes which were allegedly hurt by the cold in his cell.

McDanel goes so far as to claim that he has had two previous lawsuit in which the retaliatory Defendants "manipulated policy" and managed to obtain a dismissal. He also blames this Court for misinterpreting his pleadings and overlooking law which permits the courts to address matters so long as the plaintiff is in the process of exhausting the administrative remedies. As with his earlier

4

pleadings, Plaintiff closes with additions to his requests for injunctive relief, there now being eleven (11) of them, some being repeats of earlier requests, *e.g.*, for his case to proceed; and some adding to his requested relief, *e.g.*, for help with legal research. There are no new exhibits.

## DISCUSSION

The Plaintiff's complaints sound familiar. Court takes judicial notice of the allegations in one of the two previous lawsuits which McDanel filed in this Court.[2] In *McDanel v. Rees*, Ash. No. 05-CV-218-HRW, he complained of the medical treatment doled out to him and others at EKCC over a period of years and sought immediate injunctive relief, all as herein. The Court dismissed all of the claims, *sua sponte*, some on the ground of being barred by the statute of limitations and the remainder on two grounds: for failure to state an Eighth Amendment claim as his complaints were simple disagreements about his medical care and for his failure to demonstrate exhaustion of his administrative remedies at EKCC prior to filing suit.

The Defendants herein have moved for dismissal of the instant cause of action on the ground that Plaintiff has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court must take well pled allegations as true and construe them most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

---

[2] Roy McDanel's other lawsuit was *McDanel v. Vista Bakery*, Ash. No. 07-CV-58-HRW. It was dismissed, *sua sponte*, soon after it was filed, the Court finding that the Plaintiff had failed to state a claim with regard to crackers which he had obtained at the prison.

The Court finds that Plaintiff's pleadings in the instant case suffer from some of the same frailties as in his previous case. As stated in Ash. No. 05-CV-218-HRW, prisoner-plaintiffs are required to exhaust their administrative remedies prior to filing a civil rights law suit regarding the conditions of confinement. 42 U.S.C. § 1997e. Upon a prisoner's failure to do so, the Court has no choice but to dismiss the claim(s). The lack of exhaustion is, in this situation, an insurmountable bar to relief on any unexhausted claim. *Id.; see also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d at 697.

The Court takes judicial notice that under Kentucky's Department of Corrections ("KDOC") Policies and Procedures, No. 14.6, *Adjustment Inmate Grievance Procedure*, there are two grievance procedures, one for all manner of prisoner complaints, which process is not exhausted until the prisoner presents an appeal to the KDOC's Commissioner; and a specific one for health care issues, which requires that the prisoner go to the KDOC's Medical Director to achieve exhaustion.

The grievances attached to the Amended Complaint herein show that only one was properly exhausted. Therefore, all of the conditions complained of – but one – must be dismissed. *Woodford v. Ngo*, 548 U.S. 81, ____, 126 S.Ct. 2378, 2393 (2006). McDanel has shown that Grievance #05-811, regarding changing air filters, was pursued to the last level of appeal. This grievance was begun in 2005 and ended with the December 16, 2005, response of the KDOC Commissioner.

Any legal action based on the air filters is barred, however, by Kentucky's one-year statute of limitations. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (Section 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)). As more than a year had passed between McDanel's completion of the administrative appeal program and the filing of the instant

6

cause of action on October 24, 2007, this exhausted claim is time barred.

The appeal procedures for Kentucky's state prisoners who go through disciplinary proceedings, are different from those for grievances. No. 15.6 in KDOC Policies and Procedures, titled *Adjustment Procedures and Programs*, governs appeals of discipline convictions and/or punishments. It provides for an appeal to the warden, but also provides, "An appeal may not be taken beyond the Warden." *Id.* at p. 13. Thus, the process is exhausted upon the warden's response.

In the case *sub judice*, Plaintiff has attached to its Supplemental Statement the Disciplinary Report Forms from the six complained-of disciplinary proceedings against him. They show that McDanel did exhaust all of the decisions which he challenges herein, as Warden Motley has written his concurrence and denial of the appeal on the decision itself. Exhaustion does not, however, mean that the Plaintiff has stated a cognizable claim on any of his due process arguments, as he insists.

The first issue is what process was due McDanel in prison disciplinary proceedings? In *Sandin v. Conner*, 515 U.S. 472, 486 (1995), the Supreme Court of the United States limited the procedural due process protections to which a prisoner was entitled. It held that the protections attach only to a punishment which "will inevitably affect the duration of his sentence" or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The exhibits attached to Plaintiff's Supplemental Statement show that of the 6 exhausted disciplinary proceedings which he challenges herein, he was penalized with a certain number of days to be spent in disciplinary segregation in all. In four of them, this penalty was all that was imposed. This penalty does not affect the duration of his imprisonment; nor are the conditions described so as to meet the hardship standard. Therefore, no particular due process procedures were required and

7

the Plaintiff has not stated a constitutional claim.

In two of the disciplinary proceedings, however, McDanel's penalty also included the forfeiture of good time. He lost 30 days of good time with the initial October 6th event when he told Defendant Officer Litteral that he was going to kill himself because of the voices. Record No. 25, Exhibit labeled Item 13. Another loss of 30 days of good time was McDanel's punishment for breaking a tile and cutting himself with the sharp edge on October 7th. *Id.* at Item 16.

Since Plaintiff's punishments in these two proceedings took good time credits from him, these two "affect[ed] the duration of his sentence." Therefore, this inmate was entitled to the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). These are: (1) advance (no less than 24 hours) written notice of the claimed violation; (2) a qualified right to call witnesses and present documentary evidence in his defense when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 563-67.

Attached Items 13 and 16 reveal that Plaintiff had notice each time, a hearing at which he testified, and a written report thereafter explaining the evidence relied upon and the disciplinary action taken. That is all the process which he was due. At the hearing on the October 6, 2007, charge, the Plaintiff admitted to knowing the proper way to notify personnel of such thoughts and he also admitted that, even with his knowledge, he said what he said instead. Herein Plaintiff argues that his statements about suicide were not threats; he was merely answering a question in saying "what he felt like doing." His arguments simply did not carry the day administratively, and the Court finds no basis for relief on review of the disciplinary decision.

8

As to the second conviction which was appealed to exhaustion, the Plaintiff admitted the suicide attempt by cutting his arms, but he denied that he broke the tile, claiming that he had found the pieces lying on the floor. The broken tiles which Plaintiff used in trying to slit his wrists had been thrown away, so McDanel did not have them to defend the charge of breaking the tiles. Nonetheless, the hearing officer found that Plaintiff had broken the tiles in order to make the suicide attempt. When McDanel challenged this finding on appeal, Warden Motley concurred with the disciplinary decision, writing, *inter alia*, "I find it reasonable to believe that you did break the tile so that you could use it to attempt to harm yourself."

Herein, Plaintiff theorizes, too late, that if his legal aide or court call officer would have allowed questioning of medical staff and an investigation, someone "could" have remembered and verified that the tile was already broken on the floor. However, this is a speculative claim and it actually goes to the sufficiency of the evidence to support a conviction.

Under *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985), due process requires only that there is "some evidence" to support a prison disciplinary decision. "Some evidence" is a lenient standard. *See also Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). Therefore, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes but merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent,* 472 U.S. at 457. Even meager proof will suffice. *Webb,* 224 F.3d at 652.

The Court finds that the Plaintiff's convictions were supported by "some" evidence. Therefore, of the claims based on his disciplinary proceedings, all of the McDanel's due process claims are meritless, and they will be dismissed.

9

Finally, the Court also has before it the Plaintiff's most recent Motion [Record No. 31], which seeks permission to submit another pleading. To the extent that the Plaintiff herein argues in opposition to the Defendants' Motion for a Protective Order, he adds nothing new to the discussion, which had already been decided against him. Plaintiff also repeats his allegation that he is receiving no mental health treatment at all and argues again that this amounts to cruel and unusual punishment, for which he seeks a transfer to another institution. He adds one new element, claiming that he is now so near release from his sentence that he would prefer a transfer to a facility different from the one he originally requested.

The Court has considered the contents of Plaintiff's Motion and the pleading tendered with it in making a decision in this case. Therefore, it will grant the Motion's filing. However, the Court finds that this filing provides nothing new on the merits or the bases on which the Court will grant the Defendant's Motion to Dismiss.

Accordingly, **IT IS ORDERED** as follows:

(1)     Defendants' Motion to Dismiss in Lieu of Filing Answer to the Amended Complaint [Record No. 23] is **GRANTED**.

(2)     Plaintiff's Motion to File a Pleading [Record No. 31] is **GRANTED**.

(3)     this action is **DISMISSED**, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 6th day of March, 2008.



Signed By:
David L. Bunning
United States District Judge